IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUZZA HENDERSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-129 |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY "PHA, et al", | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**SLOMSKY, J.**                                                                                                              **JANUARY  26, 2022**

In this civil action, *pro se* Plaintiff Yuzza Henderson alleges that the Philadelphia Housing Authority ("PHA"), terminated her employment in violation of federal law prohibiting employment discrimination, harassment, and retaliation. Henderson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Henderson leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice. Henderson will be granted the option of filing an amended complaint to attempt to cure the defects discussed below.

**I.      FACTUAL ALLEGATIONS**

Henderson used the Court's form Complaint for filing an employment discrimination action. Therein, she checked boxes indicating that she asserts claims under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA"). (ECF No. 1 at 1.)[1] For discriminatory conduct alleged, Henderson checked boxes for: "failure to hire,"[2] "termination of

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] The Court notes that Henderson may have checked this box in error since it is apparent from her motion seeking *in forma pauperis* status that she was previously employed by the PHA.

1

[her] employment," "failure to promote," "failure to stop harassment," and "retaliation." (*Id*. at 2-3.) Henderson also avers that there were "unequal terms and conditions of [her] employment" and that the PHA "[v]iolated [her] Constitutional Rights to Due Process" prior to her termination and used "falsified documentation" to terminate her. (*Id*.) She attached to her Complaint a Notice of Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC") dated October 18, 2021.

The Complaint lacks factual allegations. There are no allegations concerning when Henderson began working at the PHA, the length of her employment, the nature of her employment, or what discriminatory or retaliatory acts took place. Henderson did not identify any membership in a protected class, and instead of listing the facts of her case in the section provided, she typed the words "Request for legal Counsel/Representation." (*Id.* at 3.)

## II.     STANDARD OF REVIEW

The Court grants Henderson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

---

(ECF No. 3 at 2.) Nonetheless, Henderson has not set forth a plausible claim that she was discriminated against in connection with an alleged failure to hire.

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Henderson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

      Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

3

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

#### A. Federal Claims[3]

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

---

[3] Henderson also avers that the PHA "[v]iolated [her] Constitutional Rights to Due Process" and used "falsified documentation" to terminate her. (ECF No. 1 at 3.) Henderson has failed to provide any factual details to support her bare allegation that she was denied any due process rights. Further, it appears that Henderson's employment at the PHA was at will. *See Pierce v. Philadelphia Hous. Auth.*, Civ. A. No. 94-4180, 1995 WL 56599, at *3 (E.D. Pa. Feb. 6, 1995) (noting that the general rule in Pennsylvania is that public employees serve at will) (citing *Mahoney v. Philadelphia Housing Authority*, 320 A.2d 459, 461 (Pa. Commw. 1974), *cert. denied*, 419 U.S. 1122 (1975) (concluding that PHA's employees were "at will" employees)).

802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A plaintiff must allege these same elements in order to set forth a plausible claim under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts"). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

For a plaintiff to establish that she was subjected to a hostile work environment based on her membership in a protected class, she "must show that (1) [s]he suffered intentional discrimination because of [her membership in a protected class]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected [her]; (4) it would have detrimentally affected a reasonable person of the same protected class in [her] position; and (5) there is a basis for vicarious liability." *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001). Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. 42 U.S.C. § 2000e-3. A plaintiff states a retaliation claim if she "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Here, Henderson failed to allege sufficient facts to establish a plausible claim for discrimination or retaliation under Title VII. The Complaint is devoid of any factual allegations.

There is no information concerning Henderson's employment, her membership in a protected class, or what discriminatory or retaliatory acts allegedly took place. The Court is unable to evaluate Henderson's claims because it is not clear what happened to her, when it happened, and why she believes she was discriminated against or retaliated against.

There are no facts to indicate that the PHA discriminated against or harassed Henderson based on her race, color, gender/sex, or membership in another protected class. The same is true for Henderson's retaliation claim. For Henderson to state a claim, she must describe the events that happened to her so it is clear why she believes she was discriminated against, forced to endure a hostile work environment based on harassment, and/or terminated because of her race, color, or gender, or as a result of retaliation. Henderson's Complaint does not do this. Accordingly, Henderson has failed to state a claim. *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (per curiam) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to"). However, the Court will give Henderson leave to file an amended complaint in the event she can plead additional facts to state a plausible claim for relief. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**B. PHRA Claims**

Henderson also asserts PHRA claims against the PHA. The PHRA states that "[i]t shall be an unlawful discriminatory practice

> (a) [f]or any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability . . . to refuse to

> hire or employ or contract with, or to bar or to discharge from employment such individual . . . or to otherwise discriminate against such individual . . . with respect to compensation, hire, tenure, terms, conditions or privileges of employment . . . .

43 Pa. Cons. Stat. § 955(a). Courts "interpret the PHRA in accord with its federal counterparts." *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (citing cases). Therefore, in considering Henderson's PHRA claims, the Court is permitted to rely on cases interpreting Title VII. *Id*. Although it is not entirely clear, the Court understands Henderson to be alleging PHRA claims for discrimination, hostile work environment, and retaliation.

To state a plausible claim for hostile work environment under the PHRA, a plaintiff must allege that: (1) she suffered intentional discrimination because of her race; (2) the discrimination was severe or pervasive; (3) she was detrimentally affected by it; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) that the employer is responsible. *See Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017).[4] Henderson fails to state a plausible hostile work environment claim under the PHRA. Henderson does not allege who harassed her, when she was allegedly harassed, whether the harassment was severe and pervasive, and whether that alleged discriminatory conduct had anything to do with her membership in a protected class. With so many missing details, Henderson does not allege a plausible hostile environment claim under the PHRA.

To state a plausible claim for retaliation under the PHRA, the plaintiff must allege that: (1) she engaged in a protected activity; (2) her employer was aware of the activity; (3) she was

---

[4] The elements to state an employment discrimination claim are collectively referred to as the "*prima facie*" case. Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

subjected to an adverse employment action; and (4) a causal connection between the participation in the protected activity and the adverse employment action. *Renna v. PPL Elec. Utilities, Inc.*, 207 A.3d 355, 371 (Pa. Super. Ct. 2019) (citation omitted).[5]  Henderson alleges only that she filed a charge with the EEOC and that she was terminated.  She does not provide any context for these allegations from which it can be inferred that her termination was motivated by retaliation.  She does not allege what her EEOC charge concerned, whether the PHA was aware that she filed the EEOC charge, and when she was terminated.  She provides no facts from which a causal connection could be inferred between her filing of the EEOC charge and her termination.  Without additional information, Henderson's allegations do not state a plausible retaliation claim.  *See Khalik*, 671 F.3d at 1193.

Accordingly, Henderson's PHRA claims against the PHA for hostile work environment and retaliation will be dismissed without prejudice.  The Court will permit Henderson the opportunity to file an amended complaint if she believes she can cure the defects noted as to these claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Henderson's Complaint without prejudice to her filing an amended complaint.  Henderson's Motion for Appointment of Counsel is denied without prejudice to Henderson renewing that motion if and when she files an amended complaint.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether

---

[5] The PHRA states specifically that "[i]t shall be an unlawful discrimination practice . . . [f]or any person [or] employer, . . . to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.  43 Pa. Cons. Stat. § 955(e).

appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows.

                                    **BY THE COURT:**

                                  /s/Joel H. Slomsky, J.
                                  **JOEL H. SLOMSKY, J.**